No. 167.—THE STATE OF LOUISIANA *v.* NELSON COLEMAN, *alias* NELSON, *alias* MCMILLAN.

In this case the accused was indicted for the crime of burglary. On trial, his counsel requested the judge *a quo* to charge the jury:

I.—That the circumstances necessary to convict must be as strong as the testimony of one witness, who swears positively that the accused did commit the offense charged. Held— That the judge did not err in refusing this charge; that the law furnishes no such rule for estimat ng the weight of circumstantial evidence as that suggested in this request.

II.—That, if the jury find that the accused was in the employ of the witness, as a clerk or a porter, at the time of the alleged commission of the crime, the fact of his being found in the store of witness is not presumptive evidence that the accused entered with felonious intent. Held—That the court did not err in refusing this charge; that the bill of exceptions only showed the refusal of the judge to charge the jury as to this particular fact, without disclosing the circumstances under which the accused was found in the store, and was therefore properly refused.

APPEAL from the District Court, parish of Caddo. *Levisee, J. James S. Ashton*, District Attorney, for the State. *A. Boarman* and *J. H. Kilpatrick*, for defendant and appellant.

HOWE, J. The defendant was indicted for burglary and larceny, and, having been found guilty of burglary, and sentenced to imprisonment at hard labor, has appealed.

We are required to pass upon two bills of exceptions, reserved on the trial:

I.—The accused, through his counsel, requested the court to charge the jury that "the circumstances necessary to convict in this case must be as strong as the testimony of one witness, who swears positively that the prisoner did commit the offense, which is the lowest degree of evidence upon which a party can be convicted of crime, which charge the court refused, for the reason that the court had charged the jury *in extenso* as to the requirements to authorize a conviction, and especially that, in the absence of positive evidence, they were authorized to convict upon circumstantial evidence, provided the circumstances established were of such character and force as to satisfy their minds of the guilt of the prisoner beyond a reasonable doubt."

We do not think the court erred. We are not aware of any such rule for estimating the weight of circumstantial evidence as that suggested in this request.

II.—The court refused to charge "that, if the jury find that the accused was in the employ of Bowers, the witness, as a clerk or a porter, at the time of the alleged commission of the crime, the fact of his being found in the store of Bowers is not presumptive evidence that the accused entered with a felonious intent."

We do not think the court erred in this refusal. In criminal cases the evidence which was adduced before the jury is not before us. The bill of exceptions throws no light upon the circumstances under which the instruction was requested. While, therefore, it may be correct, as an abstract proposition, we are unable to say that it was pertinent in any way to the facts which had been elicited by the testimony. If the bill of exceptions informed us what evidence had been offered respecting the terms of the employment of the accused, and his right of access to the store, and the request to charge had been directed to the circumstance of his being found in the store in the night time, we might be able to perceive the necessity of the instruction. But, in its present form, it seems to have been properly refused.

Judgment affirmed.